THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, <br><br> Plaintiff, <br> v. <br><br> RAPID CAPITAL FINANCE, LLC/RCF; <br> CRAIG HECKER; <br> GRS TELECOM, INC., f/k/a CallerID4U, Inc.; <br> PAUL MADUMO; <br> GIP TECHNOLOGY, INC.; <br> ADA MADUNO; <br> LUIS MARTINEZ; <br> MERCHANT WORTHY, INC.; <br> ROBERT BERNSTEIN; <br> BARI BERNSTEIN; <br> MACE HOROWITZ; <br> SPECTRUM HEALTH SOLUTIONS, INC., <br> d/b/a Spectrum Lead Generation; <br> JOHN/JANE DOES 1-5; <br> GATEWAY SALES AND MARKETING, LLC, <br><br> Defendants. | Case No. 3:16-cv-02629 <br><br> Hon. Aleta A. Trauger <br> U.S. District Court Judge <br><br> Hon. Joe Brown <br> U.S. Magistrate Judge |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
RAPID CAPITAL FUNDING, LLC/RCF AND CRAIG HECKER'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Rapid Capital Funding, LLC/RCF[1] ("Capital Funding") and Craig Hecker ("Hecker") (collectively, "Rapid Defendants"), through the undersigned counsel, hereby files this Memorandum of Law in support of the Motion to Dismiss the Plaintiff's Amended Complaint and states as follows:

---

[1] Plaintiff filed his lawsuit against the wrong entity. "Rapid Capital Funding, LLC/RCF, LLC" is not a Florida entity and certainly is not a "Florida Corporation" as alleged. *See* FAC, ¶ 2. It appears Plaintiff may have intended to sue "Rapid Capital Funding, LLC," which is a Florida limited liability company or "RCF, LLC," which is also a Florida limited liability company. Although Rapid Capital Funding, LLC and RCF, LLC reserve all defenses, rights, and remedies, including raising lack of capacity as a "specific denial" pursuant to Fed. R. Civ. P. 9(a)(2) should an Answer to the FAC become necessary, Rapid Capital Funding, LLC and RCF, LLC, the entities on whose behalf this Motion to Dismiss is being filed, are nonetheless responding to the FAC via this Motion to Dismiss for purposes of judicial economy and efficiency.

I.      **INTRODUCTION**

On or about October 24, 2016, Plaintiff filed his FAC against multiple defendants, including the Rapid Defendants, seeking to allege a purported violation of 47 U.S.C § 227(b) and "47 USC(c)(5)," *see* FAC ¶ 55 – a nonexistent Chapter of Title 47 of the United States Code, but which for purposes of the Motion to Dismiss and this Memorandum only is presumed to reference 47 U.S.C. §227(c)(5). However, Plaintiff's own FAC and its paucity of factual allegations regarding either of the Rapid Defendants – as opposed to the undefined and amorphous "Defendants" littered throughout the FAC – reveal this is nothing more than a professional plaintiff's strike suit as this is the fifty-fifth (55th) time in the Middle District of Tennessee alone Plaintiff has filled the Court's docket by filing TCPA actions since March 18, 2014 (fourteen (14) of which have been filed since February 2016).[2] Suffice to say, and as this Court has observed, Plaintiff is not a typical "*pro se* plaintiff who makes a one-time appearance into the realm of unfamiliar legal proceedings[,]" *Cunningham v. Kondaur Capital*, No. 3:14-1574, 2014 WL 8335868, at *3 (M.D. Tenn. Nov. 19, 2014), but rather a career plaintiff armed with no less than three (3) cellular telephones, *see* FAC ¶ 17, to conduct his business of attempting to extract windfall settlements as a result of purportedly unwanted telephone calls to each of his multiple cellular telephones.

Despite Plaintiff's extensive history of prolific lawsuit filings, Plaintiff's FAC fails to adequately allege the Rapid Defendants used an "automated telephone dialing system" or an "artificial or prerecorded voice." Similarly, Plaintiff's FAC fails to sufficiently allege the Rapid Defendants violated any procedures related to maintaining a do-not call registry, let alone does

---

[2] Pursuant to Fed. R. Evid. 201, this Court may take judicial notice of matters that are "public record." See Lee v. Dell Products, L.P., 236 F.R.D. 358, 361 (M.D. Tenn. 2006) (recognizing courts are permitted to "consider public records" when ruling on a Motion to Dismiss, and pleadings relating to earlier-filed cases are public records)

Plaintiff even attempt to allege he either requested to be placed on a do-not call registry or is on the National Do-Not Call Registry. Rather, Plaintiff's FAC makes all allegations against all named defendants in this action, including the Rapid Defendants, which improperly lumps all of the named defendants together to simply conclude all named defendants in this action, including the Rapid Defendants, violated the TCPA without providing the requisite factual specificity as to whom is alleged to have done what.

Moreover, Plaintiff filed and already <u>dismissed with prejudice</u> a lawsuit against the Rapid Defendants in 2015 (the "2015 Action") asserting substantively identical allegations and claims as alleged against the "defendants" concerning the "[c]alls before August 1, 2016." *Compare* FAC ¶¶ 23-29 & 54-57 *with Cunningham v. Rapid Capital Finance et al.*, Case No. 3:15-cv-00957 (November 16, 2015) [D.E. 27 ¶¶ 7-23 & 48-51]; *see also Cunningham v. Rapid Capital Finance et al.*, Case No. 3:15-cv-00957 (August 5, 2016) [D.E. 48, ¶ 1] ("[P]ursuant to Fed. R. Civ. P. 41(a), [the parties] hereby stipulate and agree to the <u>dismissal with prejudice</u> of Plaintiff Craig Cunningham's claims against Defendants Rapid Capital Funding, LLC, RCF, LLC, and Craig Hecker.") (emphasis added). Thus, the substantively identical allegations and claims asserted against the Rapid Defendants in this action that were asserted and dismissed with prejudice against the Rapid Defendants in the 2015 Action are barred by the doctrine of *res judicata*.

Because of the absence of sufficient factual allegations – as opposed to the abundance of conclusions and innuendo – Plaintiff's FAC does not state a plausible claim for relief, and Plaintiff's action should be dismissed pursuant to the standards enunciated in *Twombly*, *Iqbal* and their progeny. Further, because Plaintiff's FAC improperly lumps all named defendants together, the FAC fails to provide any of the named defendants in this action, including the

Rapid Defendants, sufficient notice of the allegations and claims asserted against each respective named defendants; a pleading deficiency compounded by the doctrine of *res judicata*.

II.     **STATEMENT OF FACTS AS THEY APPEAR IN THE FAC**

    A.     **Pre-August 1, 2016 Telephone Calls**

Plaintiff allegedly received on his cellular telephones calls allegedly made "using an automated telephone dialing system or...a pre-recorded message," *see* FAC ¶ 25, that purportedly related to "small business loans offered by Rapid Capital" and contained a pre-recorded message, *see* FAC ¶ 23. An intermediary purportedly advised Plaintiff the alleged telephone calls were placed on behalf of "Rapid Capital."[3] FAC ¶¶ 24 & 26. Plaintiff alleges he was purportedly sent an application from "Rapid Capital Funding[.]" FAC ¶ 26. Craig Hecker is alleged to be the managing partner of "Rapid Capital" who with no factual basis is alleged to purportedly fail to take reasonable procedures to comply with the TCPA. FAC ¶ 27. Plaintiff "resolved a previous case with" the Rapid Defendants "for calls up through approximatley [sic] the beginning of August 2016[.]" FAC ¶ 15.

    B.     **Post-August 1, 2016 Telephone Calls**

Plaintiff allegedly received on each of his three cellular telephones telephone calls "made by an automated telephone dialing system," *see* FAC ¶ 22, but only attempts to describe one such alleged telephone call concerning a non-party named "RCF,"[4] *see* FAC ¶¶ 17-21. The telephone calls at issue allegedly were "made by an automated telephone dialing system." FAC ¶ 22. Non-party "Rapid Capital's" loan application allegedly "states that they will place calls using an automated telephone dialing system." FAC ¶ 22.

---

[3] "Rapid Capital" is neither defined in this action nor a party hereto.
[4] "RCF" is neither defined in this action nor a party hereto.

## III.  FRCP 12(B)(6) LEGAL STANDARD

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A purpose of Rule 8 is to provide "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Although facts alleged in a complaint are generally taken as true at the Motion to Dismiss stage, this principle is <u>inapplicable</u> to "legal conclusion[s] couched as factual allegation[s]." *Twombly*, 550 U.S. at 555 (quoting *Papason v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). In assessing a motion to dismiss, the Court determines whether the Complaint "contain[s] sufficient <u>factual</u> matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis added); *see also Veasy v. Teach for America, Inc.*, 868 F. Supp. 2d 688, 695 (M.D. Tenn. 2012) ("To establish the facial plausibility…, the plaintiff cannot rely on legal conclusions or threadbare recitals of the elements of a cause of action, but, instead, the plaintiff must plead factual content….") (internal quotations and citation omitted). Indeed, such factual allegations "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the Court need not "accept as true legal conclusions or unwarranted factual inferences," *Directv, Inc. v. Treesh*, 48 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby County*, 220 F. 3d 433, 446 (6th Cir. 2000).

Plaintiff bears the burden to articulate enough facts to state a claim to relief that is plausible on its face, *Twombly*, 550 U.S. at 570, *Iqbal*, 556 U.S. at 678, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678; *see also Hutchison v. Metropolitan Government of Nashville and*

1199277:1:NASHVILLE 5
Case 3:16-cv-02629   Document 34   Filed 11/18/16   Page 5 of 19 PageID #: 147

*Davidson, County*, 685 F.Supp.2d 747, 750 (M.D. Tenn. 2010). While Rule 8 does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitations of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Indeed, *Iqbal* suggests that the courts adopt a two-pronged approach to apply these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678-9; *see also Hutchison*, 685 F.Supp.2d at 750. Here, much of the Complaint contains mere legal conclusions couched as "allegations," which must be disregarded by the Court, and the remaining allegations do not plausibly give rise to an entitlement to relief against any of the named Defendants.

**IV.     ARGUMENT IN SUPPORT OF DISMISSAL PURSUANT TO FRCP 12(B)(6)**

   **A.     Plaintiff Improperly Lumps the Defendants Together**

Plaintiff alleges the "[c]alls after August 1, 2016" were made by un-named "agents on behalf of Defendant RCF." FAC ¶ 17. As a preliminary observation, "RCF" is not a defendant to the action, and "RCF" is never defined in the FAC. Of great import, the FAC does not allege Plaintiff had any contact with "RCF," let alone the Rapid Defendants, concerning the supposed "[c]alls after August 1, 2016." *See* FAC ¶¶ 17-22. Quite the contrary, the FAC alleges Plaintiff placed telephone calls to "RCF" because "[t]he call on or after August 10, 2016, wouldn't connect directly to defendant RCF[.]" FAC ¶ 21 (emphasis added).

In seeming recognition of Plaintiff's inability to allege facts – as opposed to innuendo and unsupported conclusions – showing either of the Rapid Defendants violated the TCPA as a result of their own actions (actions Plaintiff glaringly and tellingly omits from the FAC), *see* Section IV(B), *infra*, in addition to Plaintiff's inability to allege facts establishing a relationship between the nebulous "agents" and the Rapid Defendants such that the conduct of the imprecise

"agents" (*i.e.,* the parties alleged to have initiated the telephone calls at issue) can be imputed upon the Rapid Defendants, *see* Section IV(B)(2) *infra*, Plaintiff haphazardly and improperly lumps all or some of the defendants, including the Rapid Defendants, together as the amorphous "defendants," and illogically concludes the Rapid Defendants somehow violated the TCPA. *See, e.g.,* FAC, ¶¶ 17 ("The <u>defendants</u> also continued calling the Plaintiff's other cell phone…and called the Plaintiff's backup cell phone."), 19 ("The <u>defendants</u> used an offshore 3rd party to contact the Plaintiff…."), 21 (Plaintiff "couldn't clearly figure out who was calling him without using another phone to call the <u>defendants</u>.") (emphasis added).

Indeed, nowhere is the impossibility of responding to Plaintiff's improper lumping more prevalent than as found in Plaintiff's Causes of Action that "incorporate[] by reference <u>all</u> of the above paragraphs of this complaint" and conclude "the foregoing actions by the <u>Defendants</u> constitute multiple breaches of the TCPA[.]" FAC ¶¶ 54-57 (emphasis added). This vagueness is even more offensive in light of Plaintiff's allegations that he "resolved the case with defendant RCF[5] for calls up through approximately the beginning of August 2016[.]" FAC ¶ 16. As this professional Plaintiff recognizes, Rapid Capital Funding, LLC, RCF, LLC, and Craig Hecker were all <u>dismissed with prejudice</u> from the 2015 Action. *See Cunningham v. Rapid Capital Finance et al.,* Case No. 3:15-cv-00957 (August 5, 2016) [D.E. 48, ¶ 1]. Yet, as a result of Plaintiff's improper lumping, the FAC currently seeks to hold the Rapid Defendants, as "Defendants" in this action, liable for substantively identical claims and allegations that were already dismissed with prejudice in the 2015 Action. *Compare* FAC ¶¶ 23-29 & 54-57 *with Cunningham v. Rapid Capital Finance et al.*; Case No. 3:15-cv-00957 (November 16, 2015) [D.E. 27 ¶¶ 7-23 & 48-51]. Indeed, the doctrine of *res judicata* precludes the re-assertion against

---

[5] *See* fn. 1, *supra*.

the Rapid Defendants of allegations and claims that were previously dismissed with prejudice in the 2015 Action. *See Pedreira v. Sunrise Children's Services, Inc.*, 802 F.3d 865, 870 (6th Cir. 2015) (quoting *Warfield v. AlliedSignla TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001)) ("A dismissal with prejudice 'operates as a final adjudication on the merits and has a res judicata effect.'").

As recognized by *Twombly*, a complaint must allege sufficient facts to "give the defendant fair notice of what the…claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Simply lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct fails to satisfy the minimum standard that a complaint gives each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Hill v. Blount County Schools*, No. 3:14-CV-96-PLR-HBG, 2015 WL 729547, at *5 (E.D. Tenn. 2015) (internal citations and quotations omitted).[6] Plaintiff's improper lumping of the defendants in this action, including the Rapid Defendants, fails to put each defendant on sufficient notice of not only the allegations against each one of them, but also the claims asserted against each one of them. Accordingly, Plaintiff's FAC should be dismissed for failure to state a claim upon which relief can be granted.

---

[6] Multiple Federal Courts throughout the country generally agree on the propriety of dismissal when confronted with improper "lumping" of defendants as Plaintiff has done in the instant action. *See, e.g., Watkins v. ITM Records*, No. 14-cv-01049 RAL, 2015 WL 4505954, at *3 (E.D. Penn. July 24, 2015); *Toumazou v. Turkish Republic of Northern Cyprus*, 71 F.Supp.3d 7, 21 (D.D.C. 2014); *Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir. 2001); *Melegrito v. CitiMortgage Inc.,* No. C 11-01765 LB, 2011 WL 2197534, at *6 (N.D. Cal. June 6, 2011); *U.S. Bank Nat. Ass'n v. Friedrichs*, No. 12cv2373-GPC(KSC), 2013 WL 589111, at *9 (S.D. Cal. Feb. 12, 2013); *Davis v. Bowens*, No. 1:11CV691, 2012 WL 2999766, at *3 (M.D.N.C. July 23, 2012); *Bentley v. Bank of Am., N.A.*, 773 F.Supp.2d 1367, 1374-75 (S.D. Fla. 2011); *Cole v. City of Tarrant*, No. 2:14-CV-1737-VEH, 2014 WL 6453910, at *6 (N.D. Ala. Nov. 17, 2014); *Jacobs v. Soars*, No. 14-12536-LTS, 2014 WL 7330762, at *7 (D. Mass. Dec. 19, 2014); *Moore v. Bowie County, Tex.*, No. 5:11CV110, 2012 WL 4355000, at *3 (E.D. Tex. Sept. 21, 2012); *Tatone v. Suntrust Mortg., Inc.*, 857 F.Supp.2d 821, 831 (D. Minn. 2012); *Certain Underwriters at Lloyd's, London v. U-Line Corp*, No. 13-3203 (NLH/AMD), 2013 WL 5503672, at *6 (D.N.J. Oct. 1, 2013); *Dumont v. Litton Loan Servicing, LP*, No. 12-cv-2677-ER-LMS, 2014 WL 815244, at *2, n.1 (S.D.N.Y. March 3, 2014).

### B. Plaintiff Fails to Sufficiently State a Claim for Relief[7]

Plaintiff fails to adequately plead that the Rapid Defendants are either directly liable or vicariously liable for the alleged telephone calls at issue[8] in the Complaint. *See Cunningham*, No. 3:14-1574, 2014 WL 8335868, at *5 (recognizing FCC declaratory ruling that the TCPA creates direct and vicarious liability pursuant to 27 U.S.C. §227(b)(3) and (c)(5)). Plaintiff's bald assertion that the telephone calls at issue were "made by automatic telephone dialing system" merely recites language of the TCPA without any supporting facts. FAC, ¶¶ 22 & 57. Similarly, Plaintiff mechanically recites the language of the TCPA without even attempting to allege supporting facts by stating the telephone calls at issue were placed "with pre-recorded/automated messages" in violation of the TCPA. FAC ¶¶ 55 & 57. Likewise, Plaintiff robotically recites the language of the TCPA without any supporting facts by stating "Defendants…failed to maintain an internal do-not-call policy and train their employees on the use of an internal do not call list[,]" and "[the telephone calls] lacked the name or address of the entity placing the phone calls" in violation of the TCPA. FAC ¶¶ 55. Under *Twombly, Iqbal,* and their progeny, the United States Supreme Court instructed lower courts to disregard such conclusions and formulaic recitations that lack factual support. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Here, that direction to disregard conclusions and formulaic recitations lacking factual support is applicable and necessary as Plaintiff's FAC fails to provide the Rapid Defendants fair notice of

---

[7] Plaintiff appears to seek to assert two claims against the improperly lumped "Defendants" – a purported violation of 47 U.S.C. §227(b) and "47 USC(c)(5)" – both of which purportedly are based on supposed conduct that Plaintiff fails to describe or support with any factual allegations in the FAC. Because the two claims Plaintiff seeks to assert against the Rapid Defendants rely upon conclusions and unpled facts, and for purposes of brevity, the arguments contained herein are equally applicable to Count I (willful violation of "47 USC(c)(5)") and Count II (willful violation of 47 U.S.C. §227(b)).

[8] As previously stated, the doctrine of *res judicata* bars Plaintiff's current claims against the Rapid Defendants concerning "[c]alls before August 1, 2016" (*i.e.,* FAC ¶¶ 23-29). *See* Section IV(A), *supra*. As such, all further references to "telephone calls at issue" and the like in the context of the purported liability of the Rapid Defendants shall refer to the "[c]alls after August 1, 2016" (*i.e.,* FAC ¶¶ 17-22) unless stated otherwise as any claims for any "[c]alls before August 1, 2016" (*i.e.,* FAC ¶¶ 23-29) have already been dismissed with prejudice. .

the grounds upon which Plaintiff's insufficient claims rest. *Twombly*, 550 U.S. at 555. Quite notably, Plaintiff does not attempt to assert a single non-jurisdictional allegation concerning the "[c]alls made after August 1, 2016" against either Capital Funding or Hecker as opposed to the undefined "RCF" and "Rapid Capital" or the amorphous "agents" and "defendants." *See, e.g.,* FAC ¶¶ 16-22.

As relevant to this lawsuit, the TCPA relates to telephone calls "using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service[.]" 47 U.S.C. §227(b)(1)(A)(iii). An "automatic telephone dialing system" ("ATDS") is statutorily defined to mean "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers." 47 U.S.C. §227(a)(1). Additionally, the TCPA and the rules and regulations promulgated thereunder require certain minimum procedures for maintaining a do-not-call list. *See* 47 U.S.C. §227(c); 47 CFR 64.1200, *et seq.*; *see also Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011).

Nowhere within the FAC does Plaintiff allege a single fact, let alone sufficient facts – as opposed to mere conclusions – that would support the conclusions that any of the Rapid Defendants, let alone both of the Rapid Defendants, placed the telephone calls at issue using an ATDS, *see* FAC ¶¶ 22 & 57, placed the telephone calls at issue using an artificial or pre-recorded voice, *see* FAC ¶¶ 55 & 57, failed "to maintain an internal do-not-call policy and train their employees on the use of an internal do-not-call list" or placed the telephone calls at issue lacking "the name or address of the entity placing the phone calls[,]" FAC ¶ 55.

Indeed, the FAC does not allege any facts sufficient to support the conclusion that any of the "[c]alls made after August 1, 2016" were placed using an ATDS. Plaintiff simply concludes

that the telephone calls at issue were "made by an automated telephone dialing system." FAC ¶ 22. However, "[c]onclusory allegations that a call was made with an ATDS" are insufficient to state a claim. *Mauer v. American Intercontinental University, Inc.*, No. 16 C 1473, 2016 WL 4651395, at *4 (N.D. Ill. Sept. 7, 2016); *see also Aikens v. Synchrony Financial d/b/a Synchrony Bank*, No. 15-10058, 2015 WL 5818991, at *4 (E.D. Mich. July 31, 2015) report and recommendation adopted by No. 15-cv-10058, 2015 WL 5818860 (E.D. Mich. Aug. 31, 2015). Similarly, the FAC neither factually alleges nor improperly concludes that any of the telephone calls at issue were placed using an artificial or prerecorded voice. *See* FAC ¶¶ 17-22. The FAC is simply silent as to the content and substance of the "[c]alls made after August 1, 2016." *Id.* Nonetheless, Plaintiff seeks to assert claims on the basis of his supposed receipt of unpled "pre-recorded" messages despite not alleging a single fact in support thereof. *See* FAC ¶¶ 55 ("The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone.") & 57 ("These phone calls also violated the TCPA by having an [sic] pre-recorded message[.]"). (Emphasis added).

Here, a review of the FAC's factual allegations, or lack thereof, related to the "[c]alls made after August 1, 2016" reveal the absence of the necessary "surrounding circumstances that give rise to the inference that an ATDS, artificial, or prerecorded voice was used." *Mauer*, 2016 WL 4651395, at *4; *see also Aikens*, 2015 WL 5818991, at *4. By way of example, Plaintiff does not (because he cannot) allege the presence of a robotic voice, a distinctive "click and pause," or dead air after having answered any telephone call at issue, or any other circumstances surrounding the telephone calls at issue that support Plaintiff's conclusion such calls were placed in violation of the TCPA. *See Martin v. Direct Wines, Inc.*, No. 15 C 757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015); *see also Aikens*, 2015 WL 5818991, at *4 ("Plaintiff could plead

those facts which are likely within her knowledge, but which she has not included in her complaint: the content of Defendant's calls, whether she spoke to a human, whether there was dead air prior to a human picking up the line, or any other facts which may tend to make the use of an ATDS more likely."). Indeed, in an apparent fleeting moment of candor Plaintiff alleges the only facts Plaintiff is capable of asserting: the August 10, 2016 telephone call – the only telephone call at issue that Plaintiff even remotely attempts to allege – did not connect to the Rapid Defendants, and Plaintiff has no knowledge as to the identity of the caller. *See* FAC ¶ 21.

Likewise, Plaintiff fails to allege any facts sufficient to support the conclusion that any of the "[c]alls made after August 1, 2016" failed "to maintain an internal do-not-call policy and train their employees on the use of an internal do-not-call list" or lacked "the name or address of the entity placing the phone calls." FAC ¶ 55. As a threshold matter, these supposed telephone calls at issue are alleged to have been placed with "pre-recorded/automated messages," *id.*, which, as stated above, is simply not properly alleged. Thus, whatever vague telephone calls placed with "pre-recorded/automated messages" that Plaintiff seeks to conclude violated the TCPA with respect to "internal do-not-call" procedures cannot be attributable to the Rapid Defendants. Even if Plaintiff properly alleged the Rapid Defendants "plac[ed] calls with pre-recorded/automated messages" (he does not), the FAC does not allege a single fact to support the conclusion that the"[c]alls made after August 1, 2016" failed with respect to "internal do-not-call" procedures and the calling party's identity. Indeed, Plaintiff does not so much as allege he inquired into such procedures, was informed of such procedures, requested to be added to the internal do-not-call list, was even on the National Do-Not-Call Registry, or any other surrounding facts and circumstances that support Plaintiff's bald conclusions; perhaps because Plaintiff is unable to allege the substance of the telephone calls at issue that somehow Plaintiff

seeks to link to the Rapid Defendants. In short, Plaintiff has not alleged a scintilla of facts to support his far reaching conclusions.

The FAC's failure to allege any facts supporting Plaintiff's conclusions fails to inform the Rapid Defendants what actions, if any, the Rapid Defendants are alleged to have taken in violation of the TCPA. Plaintiff's threadbare, "formulaic recitation of the elements" of a TCPA cause of action is not entitled to an assumption of truth, *Iqbal*, 556 U.S. at 678; particularly as Plaintiff must allege facts "to raise a reasonable expectation that discovery will reveal evidence" of the alleged TCPA violations sufficient to withstand a motion to dismiss, *Twombly*, 550 U.S. at 556. In short, Plaintiff's factually starved claims cannot survive the Court's most basic scrutiny pursuant to the standards enunciated in *Tombly*, *Iqbal*, and their progeny.

1. **Direct Liability**

Direct liability under the TCPA applies only under certain circumstances and only to entities that "initiate" the telemarketing calls. *See In re Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 ¶ 24 (2013); *see also Cunningham*, 2014 WL 8335868, at *5. A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call." *Id.* at 6583 ¶ 26. Accordingly, a person or entity generally does not "initiate" calls placed by third-party telemarketers. *Id.* at 6593 ¶ 48.

Plaintiff not only fails to allege the substance of the purported telephone calls at issue in support of his improper conclusions, but also neglects the basic step of alleging which, if any, of the amorphous "defendants" or "agents" are alleged to have initiated the allegedly offending calls to Plaintiff. Indeed, the FAC does not allege the Rapid Defendants initiated the offending calls at issue. *See* FAC ¶¶ 17 ("…agents acting on behalf of Defendant RCF called the Plaintiff…."), 19 ("…the defendants used an offshore 3rd party to contact the Plaintiff…."), 20 ("For these new calls on or after August 10, 2016 the agents used a new script…and then

transfers the call to RCF directly."), 21 ("…without using another phone to call the defendants."). (Emphasis added). Because the FAC fails to allege any facts establishing the Rapid Defendants initiated the alleged telephone calls at issue, the FAC cannot support direct liability against the Rapid Defendants for any purported violation of the TCPA and the FAC should be dismissed as to any and all claims in which Plaintiff seeks to hold the Rapid Defendants directly liable for the telephone calls at issue. *See Cunningham*, 2014 WL 8335868, at *5 ("[D]irect liability under the TCPA applies only to entities that initiate phone calls.") (emphasis added).

### 2. Vicarious Liability

Perhaps knowing he cannot allege any facts sufficient to show the Rapid Defendants initiated the alleged telephone calls at issue, Plaintiff's FAC appears to seek to hold the Rapid Defendants liable under the TCPA for telephone calls allegedly received from one or more un-named "agents" and/or "defendants" purportedly on behalf of the Rapid Defendants. *See, e.g.*, FAC, ¶¶ 17. Thus, Plaintiff seeks to assert the Rapid Defendants are liable for the purportedly offending telephone calls under a theory of vicarious liability.

In order to state a claim under a theory of vicarious liability, Plaintiff also must plead sufficient factual allegations to support such a theory. *See Cunningham*, 2014 WL 8335868, at *7.[9] Vicarious liability claims of TCPA violations rely on agency principles, including actual authority/formal agency, apparent authority, and ratification. *See In re Dish Network, LLC*, 28

---

[9] Federal Courts throughout the country agree on the propriety of dismissal for failure to allege facts in support of vicarious liability. *See, e.g., Jackson v. Caribbean Cruise Line, Inc.*, 88 F.Supp.3d 129, 139 (E.D.N.Y. 2015); *Smith v. State Farm Mutual Automobile Insurance Company*, 30 F.Supp.3d 765 (N.D. Ill. 2014); *Melito v. American Eagle Outfitters, Inc.*, Nos. 14-CV-02440 (VEC), 15-CV-00039 (VEC), 15-CV-02370 (VEC), 2015 WL 7736547, at *5-6 (S.D.N.Y. Nov. 30, 2015); *Hossfeld v. Gov't Employees Ins. Co.*, 88 F.Supp.3d 504, 510 (D. Md. 2015); *In re Monitronics Intern., Inc. Telephone Consumer Protection Act Litigation*, No. 1:13MD2493, 2015 WL 1964951, at *9 (N.D. W.Va. Apr. 30, 2015).

F.C.C.R. 6584 ¶ 28. Plaintiff's failure to allege any facts that could support a finding of an agency relationship or ratification by the Rapid Defendants of the alleged telephone calls at issue is fatal to this action as "the mere possibility that a defendant may be vicariously liable is not sufficient to state a claim for relief, and pleading facts that are merely consistent with liability is not enough. There must [be] sufficient factual allegations pled to support a plausible claim against the defendant based upon those facts." *Cunningham*, 2014 WL 8335868, at *7.

An "agency relationship arises when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests asset or otherwise consents so to act." *Cunningham*, 2014 WL 8335868, at *7 (citing Restatement (Third) Agency §1.01 (2006)) (citations omitted). Here, Plaintiff fails to allege facts showing the Rapid Defendants had any control over the un-named "agents" and/or "defendants" or had given the un-named "agents" and/or "defendants" the authority to act on the Rapid Defendants' behalf.

Similarly, "[a]pparent authority is based upon some act by the principal that creates the appearance that it has granted authority to a purported agent." *Id*. (citing *Central States S.E. and S.W. Areas Pension Fund v. Kraftco, Inc.*, 799 F. 2d 1098, 1113 (6th Cir. 1986)). Here, Plaintiff again fails to allege facts that the Rapid Defendants took any action as a purported principal that would have caused Plaintiff to believe the un-named "agent" and/or "defendants" had apparent authority to act on the Rapid Defendants' behalf.

Finally, "[r]atification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Id.* at *8 (citing Restatement (Third) of Agency §4.01(1)). Stated differently, "ratification occurs when an agent acts for a principal's benefit and the principal does not repudiate the agent's actions." *Aranda v. Caribbean*

*Cruise Line, Inc.*, No. 12 C 4069, 2016 WL 1555576, at *11 (N.D. Ill. Apr. 18, 2016) (citing *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 677 (7th Cir. 2004). Ratification requires the principal "have full knowledge of the facts and the choice to either accept or reject the benefit of the transaction." *Id.* (quoting *NECA-IBEW Rockford Local Union 364 Health & Welfare Fund v. A&A Drug Co.*, 736 F.3d 1054, 1059 (7th Cir. 2013). Here, Plaintiff continues to fail to allege facts showing the Rapid Defendants affirmed the acts of the un-named "agents" and/or "defendants," let alone that the Rapid Defendants had knowledge of the facts associated with the telephone calls at issue such that the Rapid Defendants could make a conscious decision to accept or reject the benefits of the transaction. Moreover, ratification presupposes the existence of an agency relationship, which, as shown above, has not been sufficiently alleged.

Accordingly, Plaintiff's FAC fails to allege sufficient facts – as opposed to conclusions and speculation – to support vicarious liability against the Rapid Defendants for a purported violation of the TCPA, and the FAC should be dismissed.

### C. Plaintiff Fails to Allege Defendants Knowingly Violated the TCPA

Plaintiff's FAC reflects that which we already now – Plaintiff did not suffer any actual damages as a result of the purported telephone calls at issue, no matter who is alleged to have made them. Thus, the FAC seeks statutory damages and seeks to have them trebled. *See* FAC ¶29 & Prayer for Damages and Reliefs; *see also* 47 U.S.C. §227(b)(3) and (c)(5). Treble damages may only be appropriate where the Rapid Defendants' alleged actions in violation of the TCPA are willful or knowing. *See* 47 U.S.C. §227(b)(3) and (c)(5); *see also Charvat*, 656 F. 3d at 449 (plaintiff may recover treble damages for willful or knowing violation of the TCPA).

Federal Rule of Civil Procedure 9(b) provides, in pertinent part, "knowledge…may be alleged generally." FRCP 9(b). However, "although conditions of a person's mind may be alleged generally, the plaintiff still must plead facts about the defendant's mental state, which,

accepted as true, make the state-of-mind allegation plausible on its fact." *Katoula v. Detroit Entertainment, LLC*, 557 Fed. Appx. 496, 498 (6th Cir. 2014). The FAC does not allege any facts related to either of the Rapid Defendants' mental state, let alone does the FAC allege either of the Rapid Defendants knowingly or willfully violated the TCPA.[10] Indeed, the FAC does not contain either the word "willfully" or "knowingly" related to the Rapid Defendants despite Plaintiff's attempt to seek trebled statutory damages. Accordingly, Plaintiff fails to state a claim for a willful or knowing violation of the TCPA, and the FAC should be dismissed.

### D. Plaintiff's Request for Attorney's Fees and Costs is Improper

Plaintiff's Complaint requests an award of "Attorney's fees for bringing this action[.]" FAC at Prayer for Damages and Reliefs. Contrary to Plaintiff's request for "Attorney's fees," there simply is no attorney entitled to any fees should Plaintiff prevail in this action. Indeed, Plaintiff brings the instant action *pro se*, and has not employed the services of an attorney. Accordingly, and as Plaintiff is already aware,[11] Plaintiff is not entitled to Attorney's fees, and this request should be stricken. *See Cunningham*, No. 3:14-1574, 2014 WL 8335868 at * 3, n. 2 ("The Court notes that the plaintiff seeks an award of attorney's fees as relief in this action despite the fact that he is proceeding *pro se*. Although no court appears to have addressed the issue of whether attorney's fees may be awarded to a successful *pro se* plaintiff under the TCPA, courts have found that such an award is not permissible under several other federal statutes.") (citing *Kay v. Ehrler*, 499 U.S. 432, 433, 111 S. Ct. 1435, 113 L.Ed.2d 486 (1991) (42 U.S.C. §1988); *Goodman v. People's Bank*, 209 Fed. App'x 111, 114 (3d Cir. 2006) (Fair Debt Collection Practices Act); *Sheffield v. Sec'y of Health & Human Servs.*, 983 F. 2d 1068 (6th Cir.

---

[10] Similarly, the FAC does not allege the unnamed "agents," "defendants," "Rapid Capital," or "RCF" acted willfully or knowingly.

[11] It is no coincidence that the case relied upon in support of this argument contains a *pro se* plaintiff named Craig Cunningham.

1992) (Equal Access to Justice Act); *Falcone v. I.R.S.*, 714 F.2d 646, 647 (6th Cir. 1983) (Freedom of Information Act)).

### E. CONCLUSION

Despite Plaintiff's extensive history of *pro se* filings in this district <u>alone</u>, including approximately fifty (50) complaints alleging violations of the TCPA filed between March 2014 and the present, Plaintiff's attempt to plead claims against the Rapid Defendants are so deficient that not a single count can withstand scrutiny. Plaintiff fails to allege facts that would support a claim for relief against the Rapid Defendants for purported violations of the TCPA and, thus, the FAC should be dismissed in its entirety.

WHEREFORE, Defendants Rapid Capital Finance, LLC, RCF, LLC, and Craig Hecker respectfully request this Court dismiss Plaintiff's Amended Complaint, strike any request for *pro se* attorney's fees, and award any other relief in favor of the Rapid Defendants this Court deems just and proper.

Dated: November 18, 2016.                                    Respectfully submitted,

*s/John R. Wingo*
John R. Wingo (BPR #016955)
john.wingo@stites.com
J. Anne Tipps (BPR #033588)
annie.tipps@stites.com
STITES & HARBISON, PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Tel: (615) 782-2200
Fax: (615) 742-2371

and

Beth-Ann E. Krimsky (Fla. Bar No. 968412)
beth-ann.krimsky@gmlaw.com
*Pro Hac Vice Admission Anticipated*
Lawren A. Zann (Fla. Bar No. 42997)
lawren.zann@gmlaw.com
*Pro Hac Vice Admission Anticipated*
GREENSPOON MARDER P.A.
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 527-2427
Fax: (954) 333-4027

*Attorneys for Defendants Rapid Capital Funding, LLC/RCF and Craig Hecker*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 18th day of November, 2016, I filed the foregoing with the Clerk of Court using the Court's CM/ECF System which will send electronic notification to all counsel of record. I also placed in the mail a copy of same to be sent to:

Craig Cunningham
5543 Edmondson Pike, Suite 248
Nashville, TN 37211
*Plaintiff, pro-se*

*s/John R. Wingo*
John R. Wingo