THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RCF II, LLC; | ) | |
| RCF, LLC; | ) | |
| CRAIG HECKER; | ) | Case No. 3:16-cv-02629 |
| GRS TELECOM, INC. f/k/a CallerID4U, Inc.; | ) | |
| PAUL MADUNO; | ) | |
| GIP TECHNOLOGY, INC.; | ) | Hon. Aleta A. Trauger |
| ADA MADUNO; | ) | U.S. District Court Judge |
| LUIS MARTINEZ; | ) | |
| MERCHANT WORTHY, INC.; | ) | |
| ROBERT BERNSTEIN; | ) | Hon. Joe Brown |
| BARI BERNSTEIN; | ) | U.S. Magistrate Judge |
| SPECTRUM HEALTH SOLUTIONS, INC., | ) | |
| dba Spectrum Lead Generation; | ) | |
| GATEWAY SALES AND MARKETING, LLC; | ) | |
| TELX COMPUTERS, INC.; | ) | |
| JOHN/JANE DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW OF LAW IN SUPPORT OF DEFENDANTS RCF II, LLC, RCF, LLC, AND CRAIF HECKER'S MOTION TO DISMISS PLAINTIFF'S <u>SECOND AMENDED COMPLAINT</u>**

Defendants RCF II, LLC ("RCF II"), RCF, LLC ("RCF") and Craig Hecker ("Hecker") (collectively, the "Rapid Defendants"), through the undersigned counsel, hereby file this Memorandum of Law in support of the Motion to Dismiss the Plaintiff's Second Amended Complaint (the "SAC") [D.E. 55], and states as follows:

## I. INTRODUCTION

Having already attempted and failed to sufficiently plead causes of action against the Rapid Defendants on two prior occasions, Plaintiff's SAC exposes Plaintiffs' inability to correct the insurmountable pleadings deficiencies already illustrated by the Rapid Defendants' Motion to Dismiss Plaintiff's Amended Complaint [D.E. 33] and supporting Memorandum of Law [D.E. 34]. Despite Plaintiff's extensive history of prolific lawsuit filings,[1] and despite Plaintiff being armed with no less than three (3) cellular telephones to conduct his business of attempting to extract windfall settlements as a result of purportedly receiving unwanted telephone calls to each or any of Plaintiff's at least three (3) different cellular telephones, Plaintiff's exasperating attempt to even file his deficient third attempt to allege a non-existent basis to seek to recover supposed statutory damages from the Rapid Defendants fares no better than the original Complaint [D.E. 1] or the Amended Complaint (the "FAC") [D.E. 8], and thus should be dismissed for failure to state a claim upon which relief may be granted.

Although Plaintiff received the Rapid Defendants' proverbial "roadmap" of Plaintiff's pleading deficiencies [D.E. 33 & 34], on or about December 5, 2016, Plaintiff nonetheless filed his deficient SAC against multiple defendants, including the Rapid Defendants, that continues to seek to allege purported violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227(b) and "47 USC(c)(5)" – a nonexistent Chapter of Title 47 of the United States Code. Moreover, while the SAC appears to be Plaintiff's haphazard attempt to correct his grossly inadequate FAC, the SAC continues to fail to allege sufficient facts in support of Plaintiff's

---

[1] Plaintiff has filed at least fifty-five (55) lawsuits in the Middle District of Tennessee <u>alone</u> (fourteen (14) of which have been filed since February 2016) seeking to pursue statutory claims and damages pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* It unfortunately is not a surprise that this Court has observed Plaintiff is <u>not</u> a typical "*pro se* plaintiff who makes a one-time appearance into the realm of unfamiliar legal proceedings[.]" *Cunningham v. Kondaur Capital*, No. 3:14-1574, 2014 WL 8335868, at *3 (M.D. Tenn. Nov. 19, 2014)

2

claims. Specifically, Plaintiff contradictorily and quite inconsistently seeks to assert the Rapid Defendants' vicarious liability for "each and every" telephone call at issue only to drastically change course and then seek to assert the Rapid Defendants' direct liability for "each and every" telephone call at issue. As Plaintiff's SAC makes abundantly clear through its contradictory and inconsistent pleading, Plaintiff is unable to recall the most basic of facts surrounding any telephone call at issue including any facts in support of his opposing and erratic theories of liability. Because of the absence of sufficient factual allegations – as opposed to the abundance of conclusions and innuendo – Plaintiff's SAC does not state a plausible claim for relief, and the SAC fails to provide the Rapid Defendants sufficient notice of the allegations and claims asserted against each of the Rapid Defendants.

## II. FRCP 12(b)(6) LEGAL STANDARD

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A purpose of Rule 8 is to provide "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Although facts alleged in a complaint are generally taken as true at the Motion to Dismiss stage, this principle is <u>inapplicable</u> to "legal conclusion[s] couched as factual allegation[s]." *Twombly*, 550 U.S. at 555 (quoting *Papason v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). In assessing a motion to dismiss, the Court determines whether the Complaint "contain[s] sufficient <u>factual</u> matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis added); *see also Veasy v. Teach for America, Inc.*, 868 F. Supp. 2d 688,

695 (M.D. Tenn. 2012) ("To establish the facial plausibility…, the plaintiff cannot rely on legal conclusions or threadbare recitals of the elements of a cause of action, but, instead, the plaintiff must plead factual content….") (internal quotations and citation omitted). Indeed, such factual allegations "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the Court need not "accept as true legal conclusions or unwarranted factual inferences," *Directv, Inc. v. Treesh*, 48 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby County*, 220 F. 3d 433, 446 (6th Cir. 2000).

Plaintiff bears the burden to articulate enough facts to state a claim to relief that is plausible on its face, *Twombly*, 550 U.S. at 570, *Iqbal*, 556 U.S. at 678, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678; *see also Hutchison v. Metropolitan Government of Nashville and Davidson, County*, 685 F.Supp.2d 747, 750 (M.D. Tenn. 2010). While Rule 8 does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitations of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Indeed, *Iqbal* suggests that the courts adopt a two-pronged approach to apply these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678-9; *see also Hutchison*, 685 F.Supp.2d at 750. Here, much of the Complaint contains mere legal conclusions couched as "allegations," which must be disregarded by the Court, and the remaining allegations do not plausibly give rise to an entitlement to relief against any of the named Defendants.

4

### III. PLAINTIFF FAILS TO SUFFICIENTLY STATE A CLAIM FOR RELIEF[2]

As relevant to this lawsuit, the TCPA relates to telephone calls "using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service[.]" 47 U.S.C. §227(b)(1)(A)(iii). An "automatic telephone dialing system" ("ATDS") is statutorily defined to mean "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers." 47 U.S.C. §227(a)(1). Additionally, the TCPA and the rules and regulations promulgated thereunder require certain minimum procedures for maintaining a do-not-call list. *See* 47 U.S.C. §227(c); 47 CFR 64.1200, *et seq.*; *see also Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011).

Here, Plaintiff fails to adequately plead that the Rapid Defendants are either directly liable or vicariously liable for the alleged telephone calls at issue in the SAC. *See Cunningham*, No. 3:14-1574, 2014 WL 8335868, at *5 (recognizing FCC declaratory ruling that the TCPA creates direct and vicarious liability pursuant to 27 U.S.C. §227(b)(3) and (c)(5)). Plaintiff's SAC brazenly contradicts itself by seeking to allege vicarious liability against the Rapid Defendants for the alleged telephone calls placed after August 1, 2016, only to conduct an abrupt about-face and allege direct liability against the Rapid Defendants <u>for the exact same telephone calls</u> placed after August 1, 2016. *Compare, e.g.,* SAC ¶¶ 27, 52-54, & 121 *with id.* ¶ 125. As such, Plaintiff's SAC fails to provide the Rapid Defendants with sufficient notice of the allegations and claims asserted against each of the Rapid Defendants.

---

[2] Plaintiff appears to seek to assert two claims against the Rapid Defendants – a purported violation of 47 U.S.C. §227(b) and "47 USC(c)(5)" – both of which purportedly are based on the same allegations in the SAC. Because the two claims Plaintiff seeks to assert against the Rapid Defendants rely upon the same allegations, and for purposes of brevity, the arguments contained herein are equally applicable to Count I (willful violation of "47 USC(c)(5)") and Count II (willful violation of 47 U.S.C. §227(b)).

### A. Direct Liability

Direct liability under the TCPA applies only under certain circumstances and only to entities that "initiate" the telemarketing calls. *See In re Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 ¶ 24 (2013); *see also Cunningham*, 2014 WL 8335868, at *5. A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call." *Id.* at 6583 ¶ 26. Accordingly, a person or entity generally does not "initiate" calls placed by third-party telemarketers. *Id.* at 6593 ¶ 48.

Here, Plaintiff appears to misunderstand the concept of direct liability or, at the very least, conflates such concept with the concept of vicarious liability. By way of example of the foregoing, Plaintiff concludes the Rapid Defendants are "directly liable" for the telephone calls at issue that were "initiated on the behalf of" the Rapid Defendants. *See* SAC ¶ 131. Similarly, Plaintiff concludes the Rapid Defendants "are directly liable for each and every call initiated by or on behalf of the entities to the Plaintiff after August 1, 2016." SAC ¶ 125 (emphasis added); *see also* Section III(B), *infra*. Direct liability is limited to the person or entity that initiates (*i.e.*, physically places) the telephone call, and does not include the person or entity on whose behalf the telephone call was made. *In re Dish Network, LLC*, 28 F.C.C.R. at 6582-83 ¶¶ 24-26 (2013). Thus, it appears Plaintiff lacks a basic understanding of which theory of liability against the Rapid Defendants he seeks to allege in this action; perhaps because Plaintiff noticeably is unable to allege the actual substance of the purported telephone calls at issue. Nonetheless, Plaintiff persists in his ill-founded claims that improperly conclude the Rapid Defendants are somehow liable for Plaintiff's claims under a theory of direct liability.

Plaintiff does not allege the substance of the purported telephone calls at issue such that any facts are shown to support a theory of direct liability (*i.e.*, that one of the Rapid Defendants,

let alone all of the Rapid Defendants, initiated the telephone calls at issue). Indeed, Plaintiff's only allegations that seek to describe the telephone calls at issue provide:

- [The Rapid Defendants] <u>hired Gateway Sales and Marketing and Telx to initiate calls</u> to the Plaintiff who would ask a few basic questions to qualify the Plaintiff then pass the Plaintiff off to a call center in the United States operated by [the Rapid Defendants]. SAC ¶ 52 (emphasis added);

- The agent then asks a few basic questions about the Plaintiff's level of interest…and then <u>transfers the call to RCF directly</u>. *Id.* ¶ 53 (emphasis added);

- <u>[E]ach and every</u> call included the tell-tale 3-4 second of dead air when the call started, a static filled connection and the accent of the caller suggested the call was <u>initiated from overseas</u>. *Id.* ¶ 54 (emphasis added);

- The call on or after August 10, 2016, <u>wouldn't connect directly to defendant RCF</u>. *Id.* ¶ 55 (emphasis added);

- The phone calls has a characteristic 3-4 second delay when connecting and <u>someone</u> speaking to the Plaintiff. The Plaintiff spoke with employees of RCF, <u>although at this point it is impossible to determine</u>[.] *Id.* ¶ 155 (emphasis added);

- At no time did any of the calling <u>3rd party telemarketers</u> state the entity they were calling from and they did not state a telephone number or address at which they may be contacted. *Id.* ¶ 156 (emphasis added);

As the foregoing allegations reveal, the limited substance of the purported telephone calls at issue that Plaintiff attempts to allege does not support a theory of direct liability against the Rapid Defendants; particularly as Plaintiff is unable to allege any facts supporting the conclusion that the Rapid Defendants physically placed any telephone call to Plaintiff. Indeed, the only attempt Plaintiff even seeks to allege he spoke with any Rapid Defendant – assuming *arguendo* Plaintiff somehow even has a basis to conclude at some point he spoke with unknown and unnamed "employees" of possibly one of the Rapid Defendants – occurred sometime after Plaintiff spoke with "someone" who presumably put Plaintiff in contact with one such unknown and unnamed "employee…although it is impossible to determine[.]" SAC ¶ 155. Such an

7

allegation does not support the far-reaching conclusion that the Rapid Defendants initiated any telephone calls at issue.

Plaintiff not only fails to allege the substance of the purported telephone calls at issue in support of his improper conclusion, but also neglects the basic step of alleging which supposed telephone calls are alleged to have been initiated by which of the Rapid Defendants such that the Rapid Defendants have notice of what actions, if any, each of the Rapid Defendants are alleged to have taken in violation of the TCPA. Because the SAC fails to allege any facts establishing some of the Rapid Defendants, let alone all of the Rapid Defendants, initiated the alleged telephone calls at issue, the SAC cannot support claims of direct liability against the Rapid Defendants for any purported violation of the TCPA, and the FAC should be dismissed as to any and all claims in which Plaintiff seeks to hold the Rapid Defendants directly liable for the telephone calls at issue. *See Cunningham*, 2014 WL 8335868, at *5 ("[D]irect liability under the TCPA applies only to entities that <u>initiate</u> phone calls.") (emphasis added).

### B. Vicarious Liability

Perhaps knowing he cannot allege any facts sufficient to show any of the Rapid Defendants initiated the alleged telephone calls at issue, Plaintiff's SAC hedges and appears to seek to also hold the Rapid Defendants liable under the TCPA pursuant to a theory of vicarious liability. *See, e.g.,* SAC ¶¶ 27 ("For calls that occurred <u>after</u> August 1, 2016, the Plaintiff alleges the calls were initiated [by]…Gateway Sales and Marketing and Telx Computers.") (emphasis in original), 54 ("each and every call…was initiated from overseas[.]"), 121 (co-defendants Gateway Sales and Marketing, LLC and Telx Computers Inc. are "the entities directly responsible for placing calls" after August 1, 2016.). Thus, it appears Plaintiff may seek to recoup statutory damages from the Rapid Defendants under a theory of vicarious liability for the

8

28920909v1

Case 3:16-cv-02629   Document 67   Filed 12/23/16   Page 8 of 17 PageID #: 400

alleged telephone calls at issue in the SAC despite also seeking to recoup such damages from the Rapid Defendants under an opposing theory of direct liability for the same alleged telephone calls at issue.

In order to state a claim under a theory of vicarious liability, Plaintiff must plead sufficient factual allegations in support thereof. *See Cunningham*, 2014 WL 8335868, at *7.[3] Vicarious liability claims of TCPA violations rely on agency principles, including actual authority/formal agency, apparent authority, and ratification. *See In re Dish Network, LLC*, 28 F.C.C.R. 6584 ¶ 28. Here, Plaintiff seeks to allege "actual authority and ratification" in his attempt to allege vicarious liability against the Rapid Defendants. SAC ¶ 132. Plaintiff's failure to allege any facts that could support a finding of an agency relationship or ratification by the Rapid Defendants of the alleged telephone calls at issue is fatal to this action as "the mere possibility that a defendant may be vicariously liable is not sufficient to state a claim for relief, and pleading facts that are merely consistent with liability is not enough. There must [be] sufficient factual allegations pled to support a plausible claim against the defendant based upon those facts." *Cunningham*, 2014 WL 8335868, at *7.

An "agency relationship arises when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Cunningham*, 2014 WL 8335868, at *7 (citing Restatement (Third) Agency §1.01 (2006)) (citations omitted). The

---

[3] Federal Courts throughout the country agree on the propriety of dismissal for failure to allege facts in support of vicarious liability. *See, e.g., Jackson v. Caribbean Cruise Line, Inc.*, 88 F.Supp.3d 129, 139 (E.D.N.Y. 2015); *Smith v. State Farm Mutual Automobile Insurance Company*, 30 F.Supp.3d 765 (N.D. Ill. 2014); *Melito v. American Eagle Outfitters, Inc.*, Nos. 14-CV-02440 (VEC), 15-CV-00039 (VEC), 15-CV-02370 (VEC), 2015 WL 7736547, at *5-6 (S.D.N.Y. Nov. 30, 2015); *Hossfeld v. Gov't Employees Ins. Co.*, 88 F.Supp.3d 504, 510 (D. Md. 2015); *In re Monitronics Intern., Inc. Telephone Consumer Protection Act Litigation*, No. 1:13MD2493, 2015 WL 1964951, at *9 (N.D. W.Va. Apr. 30, 2015).

bedrock of agency is "control." Restatement (Third) Agency § 1.01(f)(1)(2006). The relevant "control" that must be analyzed for TCPA purpose is control over "the manner and means" of the telephone calls at issue in the SAC. *See Thomas v. Taco Bell Corp.*, 879 F.Supp.2d 1079, 1084 (C.D. Cal. 2012).

Here, Plaintiff fails to allege facts showing the Rapid Defendants had any control over "the manner and means" of any alleged telephone call placed by co-defendants Gateway Sales and Marketing, LLC ("Gateway") or Telx Computers, Inc. ("Telx") supposedly on behalf of the Rapid Defendants. Rather, Plaintiff haphazardly and without any factual basis concludes the Rapid Defendants "maintained control over" Gateway and Telx through a "written contract as well as controlling the payment for leads generated[.]" SAC ¶ 133. Assuming *arguendo* Plaintiff's conclusion has some basis in fact, such conclusion says nothing about the vital and necessary inquiry – the Rapid Defendants' control over the manner and means of Gateway or Telx's purported telemarketing campaign. Accordingly, Plaintiff has not sufficiently alleged an agency relationship between the Rapid Defendants, on the one hand, and Gateway or Telx, on the other hand.

Similarly, "[a]pparent authority is based upon some act by the principal that creates the appearance that it has granted authority to a purported agent." *Id*. (citing *Central States S.E. and S.W. Areas Pension Fund v. Kraftco, Inc.*, 799 F. 2d 1098, 1113 (6th Cir. 1986)). Here, Plaintiff again fails to allege facts that the Rapid Defendants took any action as a purported principal that would have caused Plaintiff to believe Gateway or Telx (or any 3rd party for that matter) had apparent authority to act on the Rapid Defendants' behalf, and, importantly, concedes same. *See* SAC ¶ 132 (the Rapid Defendants "are vicariously liable for all calls…under the doctrines of actual authority and ratification.").

Finally, "[r]atification is the affirmation of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Id.* at *8 (citing Restatement (Third) of Agency §4.01(1)). Stated differently, "ratification occurs when an agent acts for a principal's benefit and the principal does not repudiate the agent's actions." *Aranda v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2016 WL 1555576, at *11 (N.D. Ill. Apr. 18, 2016) (citing *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 677 (7th Cir. 2004). Ratification requires the principal "have full knowledge of the facts and the choice to either accept or reject the benefit of the transaction." *Id.* (quoting *NECA-IBEW Rockford Local Union 364 Health & Welfare Fund v. A&A Drug Co.*, 736 F.3d 1054, 1059 (7th Cir. 2013); *see also Smith v. State Farm Mutual Automobile Insurance Co.*, 30 F.Supp.3d 765, 779 (N.D. Ill. 2014) (a principal "is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking."). The principal-agent relationship remains a prerequisite for ratification as "ratification can have no meaning without it." *Makaron v. GE Sec. Mfg., Inc.*, No. CV-14-1274 GM (AGRx), 2015 WL 3526253, at *7 (C.D. Cal. May 18, 2015)

Here, Plaintiff continues to fail to allege facts showing the Rapid Defendants affirmed the acts of Gateway or Telx (or any other 3rd party for that matter), let alone that the Rapid Defendants had knowledge of the facts associated with the telephone calls at issue such that the Rapid Defendants could make a conscious decision to accept or reject the benefits of the transaction. Indeed, the SAC does not even attempt to conclude that the Rapid Defendants somehow had knowledge Plaintiff was being called on behalf of the Rapid Defendants, but also that the Rapid Defendants somehow benefitted from such supposed telephone call(s). Moreover,

11

28920909v1

Case 3:16-cv-02629   Document 67   Filed 12/23/16   Page 11 of 17 PageID #: 403

ratification presupposes the existence of an agency relationship, which, as shown above, has not been sufficiently alleged.

The SAC's failure to allege any facts supporting Plaintiff's contradictory and inconsistent theory of liability against the Rapid Defendants fails to inform the Rapid Defendants what actions, if any, the Rapid Defendants are alleged to have taken in violation of the TCPA; particularly as Plaintiff must allege facts "to raise a reasonable expectation that discovery will reveal evidence" of the alleged TCPA violations sufficient to withstand a motion to dismiss, *Twombly*, 550 U.S. at 556. In short, Plaintiff's factually starved claims cannot survive the Court's most basic scrutiny pursuant to the standards enunciated in *Tombly*, *Iqbal*, and their progeny.

Accordingly, Plaintiff's SAC fails to allege sufficient facts – as opposed to conclusions and speculation – to support vicarious liability against the Rapid Defendants for a purported violation of the TCPA, and the SAC should be dismissed.

**C. Non-Existent Claim**

Plaintiff seeks to allege violations of "47 USC(c)(5)" – a nonexistent Chapter of Title 47 of the United States Code. On this basis alone, Plaintiff fails to state a claim upon which relief may be granted and Count I should be dismissed.

Notwithstanding the foregoing, nowhere within the SAC does Plaintiff allege a single fact, let alone sufficient facts – as opposed to mere conclusions – that would support the conclusions that any of the Rapid Defendants, let alone all of the Rapid Defendants, "failed to maintain an internal do-not-call policy and train their employees on the use of an internal do-not-call list," or placed the telephone calls at issue lacking "the name or address of the entity placing the phone calls[.]" SAC ¶¶ 161. Plaintiff does not so much as allege he inquired into the "internal

12

28920909v1

Case 3:16-cv-02629   Document 67   Filed 12/23/16   Page 12 of 17 PageID #: 404

do-not-call" procedures, was informed of such procedures, requested to be added to an internal do-not-call list, was even on the National Do-Not-Call Registry, or any other surrounding facts and circumstances that support Plaintiff's bald conclusions; perhaps because Plaintiff is unable to allege the substance of the telephone calls at issue that somehow Plaintiff seeks to link to the Rapid Defendants.

While Plaintiff seeks to rely upon rules and regulations adopted by the Federal Communications Commission in support of his non-existent claim, Plaintiff still does not allege any facts sufficient to show any of the Rapid Defendants, let alone all of the Rapid Defendants, violated any such rules and regulations. *See* SAC, ¶ 161 (the Rapid Defendants violated "47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4), 47 CFR 64.1200(b), and 47 CFR 64.1200(c)[.]").

Specifically, 47 CFR § 64.1200(d)(4) contemplates the maintenance of an internal do-not-call list for the situations in which "persons…request not to receive telemarketing calls[.]" *Id.* As stated above, Plaintiff is unable to provide any factual allegations concerning the substance of the telephone calls at issue, let alone that Plaintiff actually requested to be placed on an internal do-not-call list, including the basis for Plaintiff's factually-starved conclusion the Rapid Defendants "failed to maintain an internal do-not-call policy and train their employees on the use of an "internal do-not-call list." SAC ¶ 161.

Similarly, 47 CFR § 64.1200(c) seeks to preclude a party from "initiat[ing] any telephone solicitation" to a telephone number "before the hour of 8 a.m. or after 9 p.m." or to a number registered on the "national do-not-call registry." *Id.* Unsurprisingly, Plaintiff does not allege receipt of any telephone call at issue "before the hour of 8 a.m. or after 9 p.m." or Plaintiff's

13

28920909v1

Case 3:16-cv-02629   Document 67   Filed 12/23/16   Page 13 of 17 PageID #: 405

three cellular telephone numbers, let alone any one of Plaintiff's three cellular telephone numbers, are registered on the national do-not-call list.

Finally, 47 CFR 64.1200(b) seeks to govern "[a]ll artificial or prerecorded voice telephone messages[.]" *Id.* By Plaintiff's own admission, the calls placed after August 1, 2016 (*i.e.,* the calls attributed to the Rapid Defendants) were not placed with an artificial or prerecorded voice telephone message.[4] *See, e.g.,* SAC ¶¶ 30 ("Each of the following described telephone calls was initiated by an automated telephone dialing System"), 54-56 (Entitled "Characteristics of the calls that confirm the use of an ATDS"), 155 ("All of these calls were initiated with an automated telephone dialing system"), 161 ("by placing calls with pre-recorded messages and initiated with an automated telephone dialing system for calls before August 1, 2016 and by placing calls initiated with an automated telephone dialing system after August 1, 2016"), 163 ("by having an [sic] pre-recorded message and were initiated by an automated telephone dialing system…for call placed before August 1, 2016 and were initiated by an automated telephone dialing system…for calls placed after August 1, 2016.").

In short, Plaintiff has not alleged sufficient facts to support his far reaching and unsupported conclusions that the Rapid Defendants (or any defendant for that matter) "failed to maintain an internal do-not-call policy and train their employees on the use of an internal do-not-call policy." Accordingly, Plaintiff's FAC fails to allege sufficient facts – as opposed to conclusions and speculation – to support either direct liability or vicarious liability against the Rapid Defendants for a purported violation of non-existent "47 USC(c)(5)," and the FAC should be dismissed.

---

[4] To the extent Plaintiff may seek to argue for the first time that the claims asserted against the Rapid Defendants for calls placed after August 1, 2016, include telephone calls using an "artificial or pre-recorded voice," the Rapid Defendants hereby re-allege and incorporate as if fully set forth herein Section IV(B) of the Memorandum in Support of Defendants Rapid Capital Funding, LLC/RCF and Craig Hecker's Motion to Dismiss Plaintiff's Amended Complaint [D.E. 34].

14

### D. Plaintiff's Request for Attorney's Fees and Costs is Improper

Plaintiff's SAC requests an award of "Attorney's fees for bringing this action[.]" SAC at Prayer for Damages and Reliefs. Contrary to Plaintiff's request for "Attorney's fees," there simply is no attorney entitled to any fees should Plaintiff prevail in this action. Indeed, Plaintiff brings the instant action *pro se*, and has not employed the services of an attorney. Accordingly, and as Plaintiff is already aware,[5] Plaintiff is not entitled to Attorney's fees, and this request should be stricken. *See Cunningham*, No. 3:14-1574, 2014 WL 8335868 at * 3, n. 2 ("The Court notes that the plaintiff seeks an award of attorney's fees as relief in this action despite the fact that he is proceeding *pro se*. Although no court appears to have addressed the issue of whether attorney's fees may be awarded to a successful *pro se* plaintiff under the TCPA, courts have found that such an award is not permissible under several other federal statutes.") (citing *Kay v. Ehrler*, 499 U.S. 432, 433, 111 S. Ct. 1435, 113 L.Ed.2d 486 (1991) (42 U.S.C. §1988); *Goodman v. People's Bank*, 209 Fed. App'x 111, 114 (3d Cir. 2006) (Fair Debt Collection Practices Act); *Sheffield v. Sec'y of Health & Human Servs.*, 983 F. 2d 1068 (6th Cir. 1992) (Equal Access to Justice Act); *Falcone v. I.R.S.*, 714 F.2d 646, 647 (6th Cir. 1983) (Freedom of Information Act)).

### E. CONCLUSION

Despite Plaintiff's extensive history of *pro se* filings in this district <u>alone</u>, including over fifty (50) complaints alleging violations of the TCPA filed between March 2014 and the present, Plaintiff's attempt to plead claims against the Rapid Defendants are so deficient that not a single count can withstand scrutiny. Plaintiff fails to allege facts that would support a claim for relief

---

[5] It is no coincidence that the case relied upon in support of this argument contains a *pro se* plaintiff named Craig Cunningham.

against the Rapid Defendants for purported violations of the TCPA under either a direct or vicarious theory of liability and, thus, the FAC should be dismissed in its entirety.

WHEREFORE, Defendants RCF II, LLC, RCF, LLC, and Craig Hecker respectfully request this Court dismiss Plaintiff's Second Amended Complaint, strike any request for *pro se* attorney's fees, and award any other relief in favor of the Rapid Defendants this Court deems just and proper.

Dated: December 23, 2016

Respectfully submitted,

　/s/ Lawren A. Zann　
Beth-Ann E. Krimsky (Fla. Bar No. 968412)
beth-ann.krimsky@gmlaw.com
*Pro Hac Vice Admission Anticipated*
Lawren A. Zann (Fla. Bar No. 42997)
lawren.zann@gmlaw.com
*Pro Hac Vice Admission Anticipated*
**GREENSPOON MARDER, P.A.**
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 527-2427
Fax: (954) 333-4027

John R. Wingo (BPR# 016955)
john.wingo@stites.com
J. Anne Tipps (BPR #033588)
Annie.tipps@stites.com
**STITES & HARBISON, PLLC**
401 Commerce St., Suite 800
Nashville, TN 37219
Tel: (615) 782-2200
Fax: (615) 742-2371

*Attorneys for Defendants RCF II, LLC, RCF, LLC, and Craig Hecker*

16

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 23rd day of December, 2016, I filed the foregoing Memorandum of Law with the Clerk of Court using the Court's CM/ECF System which will send electronic notification to all counsel of record. I also placed in the mail a copy of same to be sent to:

Craig Cunningham
Plaintiff, Pro-Se
5543 Edmondson Pike, Suite 248
Nashville, TN 37211

                                                  /s/ Lawren A. Zann
                                                  Lawren A. Zann

28920909v1