UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CRAIG CUNNINGHAM, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:16-cv-02629 |
| RAPID CAPITAL FUNDING, LLC/RCF, *et al.*, | ) ) ) ) | Judge Trauger/Brown |
| Defendants. | ) ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

The Report and Recommendation filed in this matter on July 21, 2017 (Doc. 112) is **VACATED** and replaced by the following recommendations.

Plaintiff improperly filed *Plaintiff's Second Amended Complaint* (Doc. 55) without consent of Defendants or leave of the Court. *See* Fed. R. Civ. P. 15(a)(2). Despite this, several Defendants have responded to *Plaintiff's Second Amended Complaint*. (Docs. 66, 70, 81, 104). Defendants GIP Technology, GRS Telecom, Paul Maduno, and Ada Maduno waited seven months to belatedly note this procedural irregularity. (Doc. 113). To simplify matters, and because Rule 15(a)(2) encourages the Court to freely grant leave to amend, the Magistrate Judge **RECOMMENDS** the amendment be allowed *nunc pro tunc* and *Plaintiff's Second Amended Complaint* (Doc. 55) supersede all prior complaints in this matter.

Should amendment be permitted, the Magistrate Judge **RECOMMENDS** Defendants' motions to dismiss Plaintiff's earlier complaints (Docs. 31, 35, 50, 90) be **TERMINATED AS MOOT** and Defendants be **GRANTED twenty-eight (28) days** to answer or move to dismiss *Plaintiff's Second Amended Complaint*. *See Auto-Owners Ins. Co. v. Se. Car Wash Sys.*, No.

1

1:15-CV-00212, 2016 WL 9132784, at *1 n.1 (E.D. Tenn. May 2, 2016) (terminating as moot a motion to dismiss that was filed before an amended complaint); *Rodgers v. Nestle Prepared Food Co.*, No. CIV.A. 5:13-60, 2013 WL 3973173, at *4 (E.D. Ky. Aug. 1, 2013) (same); *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) (same).

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen days, after being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen days after being served with a copy thereof. Failure to file specific objections within fourteen days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 24th day of July, 2017.

/s/ Joe B. Brown  
JOE B. BROWN  
UNITED STATES MAGISTRATE JUDGE