UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-02629 |
| ) | Judge Trauger/Brown |
| RAPID CAPITAL FUNDING, LLC/RCF, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

Before the Court is *Defendants RCF II, LLC, RCF, LLC, and Craig Hecker's Motion to Dismiss Plaintiff's Second Amended Complaint*. (Doc. 66). For the following reasons, the Magistrate Judge **RECOMMENDS** this motion be **GRANTED IN PART** and **DENIED IN PART**; the motion to dismiss Count I of *Plaintiff's Second Amended Complaint* be **GRANTED** as to the movants; the motion to dismiss Count II of *Plaintiff's Second Amended Complaint* be **DENIED**; and the motion to strike Plaintiff's prayer for attorneys' fees be **GRANTED**.

## I. BACKGROUND

Plaintiff filed this lawsuit in October 2016. (Doc. 1). He has since amended his complaint twice. (Docs. 8, 55).[1] In his most recent complaint, *Plaintiff's Second Amended Complaint*, Plaintiff sets forth two counts for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"). (Doc. 55, pp. 33-34 ¶¶ 160-163). He first alleges Defendants violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(b), (c), and (d)(4) by placing calls with pre-recorded messages using an automated telephone dialing system ("ATDS"), failing to provide the name or

---

[1] Though Plaintiff neglected to seek leave to file *Plaintiff's Second Amended Complaint* (Doc. 55), the Magistrate Judge recommended leave be granted. (Doc. 114).

1

address of the caller, and failing to maintain and train employees on an internal do-not-call policy. (*Id.* at p. 33 ¶ 161). Second, he alleges Defendants violated 47 U.S.C. § 227(b) by placing unwanted calls to his cell phone that were initiated by an ATDS and contained a pre-recorded message. (*Id.* at p. 34 ¶ 163).

Plaintiff solely seeks to hold Defendants RCF II, LLC, RCF, LLC, and Craig Hecker ("RCF Defendants") liable for telephone calls received after August 1, 2016. (*Id.* at pp. 5-6 ¶¶ 24, 28). He sets forth two theories of liability: direct liability for calls placed by the RCF Defendants, and vicarious liability under the doctrines of actual authority and ratification for calls placed by Defendants Gateway Sales and Marketing ("Gateway") and Telx Computers ("Telx") on behalf of the RCF Defendants. (*Id.* at pp. 6, 29-30 ¶¶ 27-28, 131-134).

According to Plaintiff, all calls he received beginning with the prefix "786" were directly placed by the RCF Defendants. (*Id.* at p. 29 ¶ 131). In support of his claim that the RCF Defendants directly called his cell phones, he lists the dates he received calls from "786" numbers and the number of times he was called by the "786" numbers. (*Id.* at pp. 31-32 ¶¶ 138-141, 146-154).

Plaintiff also alleges the RCF Defendants contracted with Gateway and Telx to initiate unwanted calls to Plaintiff's cell phones on the RCF Defendants' behalf. (*Id.* at pp. 7, 26-27, 30 ¶¶ 30, 117, 121, 133). According to Plaintiff, the RCF Defendants exercised control over Gateway and Telx through a written contract and by controlling the payment for leads generated. (*Id.* at p. 30 ¶ 133). He additionally contends the RCF Defendants ratified Gateway and Telx's violations of the TCPA because they were aware the contractors would violate the TCPA and accepted the benefits of their conduct while looking the other way. (*Id.* at p. 30 ¶ 134).

2

These calls, he contends, were initiated by an ATDS. (*Id.* at pp. 7, 26-27, 32 ¶¶ 30, 118-119, 122, 155). Plaintiff believes the calls were initiated by an ATDS because he would hear "the tell-tale 3-4 second[s] of dead air when the call started, a static filled connection and the accent of the caller suggested the call was initiated from overseas." (*Id.* at pp. 10, 27, 32 ¶¶ 54, 123, 155). He further alleges the loan services of Defendants RCF and RCF II were offered in each call, and he alleges he spoke with employees of Defendant RCF, but he was unsure whether they worked for RCF or RCF II. (*Id.* at pp. 5, 9, 32 ¶¶ 20, 53, 155). He states the calls were placed without his consent and without an emergency purpose. (*Id.* at pp. 27, 30, 32 ¶¶ 122, 135, 155).

Plaintiff additionally alleges Defendant Gateway lacks an internal do-not-call list and has not trained its employees on the use of an internal do-not-call list. (*Id.* at p. 27 ¶ 122). He alleged he was informed by Defendant RCF's employees that the company did not have an internal do-not-call list and did not have a written policy pertaining to a do-not-call list. (*Id.* at p. 28 ¶ 128). He also alleges the "3rd party telemarketers" never stated the entity they were calling from and did not provide a contact telephone number or address. (*Id.* at p. 32 ¶ 156).

Pending now is *Defendants RCF II, LLC, RCF, LLC, and Craig Hecker's Motion to Dismiss Plaintiff's Second Amended Complaint* pursuant to Rule 12(b)(6) (Doc. 66) to which Plaintiff responded (Doc. 84) and the RCF Defendants replied (Doc. 92). The matter has been referred to the undersigned for a Report and Recommendation ("R&R"). (Doc. 5).

## II. LEGAL STANDARDS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Compliance with this pleading requirement may be challenged by a Rule 12(b)(6) motion to dismiss. In order to survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual allegations which,

3

taken as true, state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 555, 557).

## III. ANALYSIS

Congress enacted the TCPA in response to consumer complaints of abusive telephonic practices. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-71 (2012). Prohibited practices include, but are not limited to "us[ing] an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any . . . cellular telephone." *Id.* at 373 (citing 47 U.S.C. § 227(b)(1)(A)). The TCPA further envisions the use of a do-not-call registry to protect the privacy of residential phone subscribers. *Id.* at 373-74 (citing 47 U.S.C. § 227(c)). The TCPA confers a private right of action for violations of § 227(b)-(c) and any regulations prescribed under those subsections. 47 U.S.C. § 227(b)(3), (c)(5).

### A. Count I

Plaintiff's first count is premised on violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(b), (c), and (d)(4). (Doc. 55, p. 33 ¶ 161).

The RCF Defendants contend Plaintiff's count for a violation of "47 U.S.C.(c)(5)"—as it was typed in *Plaintiff's Second Amended Complaint*—should be dismissed because the statutory citation is incomplete. (Doc. 67, p. 12). While the RCF Defendants are technically correct that "47 U.S.C.(c)(5)" is not on its own a proper statutory citation, their argument that this requires dismissal of the entire count unnecessarily puts form over function. It is apparent that Plaintiff invokes 47 U.S.C. § 227(c)(5), seeing as Plaintiff provided the full citation in other portions of

4

his complaint. (Doc. 55, pp. 13, 27 ¶¶ 72, 122). The Magistrate Judge does not recommend dismissal of the count on this basis.

Pursuant to 47 U.S.C. § 227(c)(1)-(4), the Federal Communications Commission was tasked with enacting rules to protect *residential telephone subscribers'* privacy rights. Subsections (c) and (d) of 47 C.F.R. § 64.1200 provide this protection. Like 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(c) and (d) explicitly address the privacy rights of *residential telephone subscribers*. A private right of action exists for any person who received more than one phone call, in a twelve-month period, in violation of these regulations. 47 U.S.C. § 227(c)(5).

Here, Plaintiff alleges violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c), and (d)(4) for calls made to his *cell phones*. While this Court has suggested that calls to a cell phone may be construed as calls to a *residential telephone*, the plaintiff must plead facts showing the cell phone is used for residential purposes. *Cunningham v. Rapid Response Monitoring Servs., Inc.*, No. 3:15-CV-00846, 2017 WL 1489052, at *9 (M.D. Tenn. Apr. 26, 2017) (citing *Lee v. Loandepot.com, LLC*, No. 14-CV-01084-EFM, 2016 WL 4382786, at *6 (D. Kan. Aug. 17, 2016)). As Plaintiff has not alleged facts showing his cell phones are used for residential purposes, he fails to state a claim under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) and (d)(4). *See Cunningham v. Enagic USA, Inc.*, No. 3:15-0847, 2017 WL 2719992, at *5-6 (M.D. Tenn. June 23, 2017), *report and recommendation adopted*, No. CV 15-00847, 2017 WL 2935784 (M.D. Tenn. July 10, 2017); *Rapid Response Monitoring Servs., Inc.*, No. 3:15-CV-00846, 2017 WL 1489052, at *8-9.

Plaintiff additionally alleged a violation of 47 C.F.R. § 64.1200(b), which imposes rules for "artificial or prerecorded voice telephone messages." Because Plaintiff does not allege the

5

phone calls made by or on behalf of the RCF Defendants were made using an artificial or prerecorded voice telephone message, he fails to state a claim under 47 C.F.R. § 64.1200(b).

Because Plaintiff fails to state a claim under of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(b), (c), and (d)(4), the Magistrate Judge **RECOMMENDS** that Count I be **DISMISSED** as to the RCF Defendants.

**B. Count II**

Plaintiff's second count alleges violations of 47 U.S.C. § 227(b)(1)(A)(iii). (Doc. 55, p. 34 ¶ 163). To survive a motion to dismiss this count, Plaintiff must allege: (1) the defendant made a call (2) to Plaintiff's cell phone (3) using an ATDS (4) without consent. *Christopher Seri v. Crosscountry Mortg., Inc.*, No. 1:16-CV-01214-DAP, 2016 WL 5405257, at *2 (N.D. Ohio Sept. 28, 2016); *Cunningham v. Kondaur Capital*, No. 3:14-1574, 2014 WL 8335868, at *6 & n.10 (M.D. Tenn. Nov. 19, 2014), *report and recommendation approved,* No. 3:14-CV-01574, 2015 WL 1412737 (M.D. Tenn. Mar. 26, 2015) (noting disagreement as to whether lack of consent must be alleged). Liability for phone calls placed in violation of § 227(b)(1)(A)(iii) may be direct or vicarious. *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 371-72 (6th Cir. 2015).

Through their motion to dismiss, the RCF Defendants challenge the first element of this cause of action—that the RCF Defendants "made" the alleged phone calls. (Doc. 67, pp. 6-12). Accordingly, the Magistrate Judge considers whether Plaintiff has sufficiently alleged the RCF Defendants' direct and vicarious liability.

First, however, the Magistrate Judge addresses the RCF Defendants' complaint that Plaintiff contradictorily alleges both direct and vicarious liability for the calls at issue. (Doc. 67, pp. 6, 8-9) (Doc. 92, pp. 4-5). Though Plaintiff's complaint may not be artfully pled, he

6

satisfactorily delineates his theories of liability. He alleges Defendants Gateway and Telx are directly liable for calls they themselves initiated. (Doc. 55, p. 6 ¶ 27). Next, he alleges the RCF Defendants are vicariously liable for the calls initiated on their behalf by Defendants Gateway and Telx, and he alleged the RCF Defendants are directly liable for the calls initiated by RCF and RCF II directly. (*Id.* at p. 6 ¶ 28). To the extent Plaintiff makes contradictory allegations in the remainder of his complaint, such as suggesting the RCF Defendants are directly liable for calls placed by third parties on their behalf, those allegations are without merit.

**1. Direct Liability**

It is unlawful "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). As the Sixth Circuit has recognized, "a reasonable person would understand the expression 'make any call' to require some form of direct telephone communication between two parties." *Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 742 (6th Cir. 2013).

Accepting Plaintiff's factual allegations as true at this stage in the suit, the undersigned finds Plaintiff satisfactorily alleged the RCF Defendants may be directly liable for violations of § 227(b)(1)(A)(iii). Plaintiff alleged receipt of phone calls placed by an ATDS—which was characterized by a three to four second delay when connecting Plaintiff to a representative— without his consent and without an emergency purpose. (Doc. 55, pp. 10, 27, 30, 32 ¶¶ 54, 122-123, 135, 155). Plaintiff alleges that calls beginning with the prefix "786" were directly placed by the RCF Defendants. (*Id.* at p. 29 ¶ 131). He lists the dates he received calls from "786" numbers and the number of times he was called by the "786" numbers. (*Id.* at pp. 31-32 ¶¶ 138-141, 146-154). He further alleges he spoke with RCF employees. (*Id.* at p. 32 ¶ 155). These are

factual assertions, not legal conclusions. Taken as true, these allegations plausibly suggest the RCF Defendants placed calls to Plaintiff's cell phones in violation of § 227(b)(1)(A)(iii).[2]

Defendants fault Plaintiff for not providing the substance of the phone calls purportedly initiated by the RCF Defendants. (Doc. 67, pp. 6-8) (Doc. 92, p. 5). Plaintiff, however, alleged all of the calls in this lawsuit contained offers for loan services by RCF and RCF II. (Doc. 55, p. 5 ¶ 20). Regardless, this would not require dismissal of the claim. *See Christopher Seri*, No. 1:16-CV-01214-DAP, 2016 WL 5405257, at *2 n.1 (rejecting argument that the plaintiff "must allege facts regarding the content of the calls received, the approximate dates and times that the calls were received, and facts showing that an ATDS was used").

Finding Plaintiff has alleged sufficient facts to plausibly suggest the RCF Defendants may be directly liable for violations of § 227(b)(1)(A)(iii), the Magistrate Judge **RECOMMENDS** the RCF Defendants' motion to dismiss Plaintiff's claims of direct liability be **DENIED**.

2. **Vicarious Liability**

A seller may be vicariously liable for violations of the TCPA under federal common-law principles of agency, including formal agency, apparent authority, and ratification. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674 (2016), *as revised* (Feb. 9, 2016); *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6586-87 (2013). The Federal Communications Commission summarized these agency principles in the following:

> The classical definition of "agency" contemplates "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." Potential liability under general agency-related principles extends beyond classical agency, however. A principal may be liable in circumstances where a third party has apparent (if not actual) authority. Such

---

[2] While Plaintiff's allegations may be sufficient to pass the low Rule 12(b)(6) threshold, it may prove challenging to support these allegations at the summary judgment state of this suit.

8

> "[a]pparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." Other principles of agency law may support liability in particular cases. For example, a seller may be liable for the acts of another under traditional agency principles if it ratifies those acts by knowingly accepting their benefits. Such ratification may occur "through conduct justifiable only on the assumption that the person consents to be bound by the act's legal consequences."

*In re Joint Petition Filed by Dish Network, LLC*, at 6586-87. Plaintiff alleges vicarious liability through the theories of actual authority and ratification. (Doc. 55, pp. 29-30 ¶¶ 132-134).

Addressing a Rule 12(b)(6) motion to dismiss in another TCPA-based lawsuit filed by Plaintiff, the Chief District Judge recently concluded that Plaintiff's sparse allegations of actual authority and ratification were sufficient to survive the dispositive motion. *Cunningham v. Rapid Response Monitoring Servs., Inc.*, No. 3:15-CV-00846, 2017 WL 1489052, at *7. In that case, Plaintiff alleged Rapid Response Monitoring Services ("RRMS") "authorized Safeguard America to act on their behalf to generate leads and obtain customers for alarm monitoring services." *Id.* Though the suit was only at the motion to dismiss stage, the defendants produced a copy of the contract between RRMS and Safeguard America. *Id.* Remarking that the contracts did not expressly authorize Safeguard America to unlawfully conduct telemarketing activities on RRMS' behalf, the Court noted that actual authority may be implied as well as express. *Id.* (citing *Bergin Fin., Inc. v. First Am. Title Co.*, 397 F. App'x 119, 124 (6th Cir. 2010)). Because the materials before the Court did not address whether Safeguard America possessed implied authority to act on RRMS' behalf, the Court declined to dismiss Plaintiff's claims. *Id.* Likewise, the Court found it premature to dismiss Plaintiff's claims of ratification. *Id.* The Court found it sufficient that Plaintiff alleged "an unlawful telemarketing scheme the end result of which was the generation of business for RRMS, and he has alleged that RRMS was an active participant in that scheme." *Id.*

Here, Plaintiff alleges Defendants Gateway and Telx initiated phone calls in violation of the TCPA on the RCF Defendants' behalf. (Doc. 55, pp. 7, 26 ¶¶ 30-31, 117). He further alleges the RCF Defendants exercised control over Gateway and Telx through a written contract and by paying them for leads generated. (*Id.* at p. 30 ¶ 133). Plaintiff contends the RCF Defendants ratified Gateway and Telx's alleged violations of the TCPA because the RCF Defendants knew these callers would violate the TCPA but chose to look the other way and accept the leads and business generated from the leads. (*Id.* at p. 30 ¶ 134). These allegations are similar to the ones deemed acceptable in Plaintiff's ongoing suit against RRMS. The Magistrate Judge therefore **RECOMMENDS** the RCF Defendants' motion to dismiss Plaintiff's claims of vicarious liability be **DENIED**.

## C. Attorneys' Fees

The RCF Defendants last seek to strike Plaintiff request for attorneys' fees because Plaintiff is proceeding *pro se*. (Doc. 67, p. 15). In so arguing, the RCF Defendants have taken Plaintiff's prayer for attorneys' fees out of context. Contrary to Defendants' contention that Plaintiff is seeking attorneys' fees for bringing this suit *pro se*, Plaintiff seeks attorneys' fees "to the extent that the Plaintiff incurs them from hiring an attorney in this case." (Doc. 55, p. 34).

Notwithstanding that clarification, Plaintiff's request for potential attorneys' fees for this TCPA suit should be **STRICKEN** because the TCPA does not authorize the recovery of attorneys' fees. *See* Fed. R. Civ. P. 12(f); *Mey v. N. Am. Bancard, LLC*, 655 F. App'x 332, 335 (6th Cir. 2016) (noting that the TCPA is not a fee-shifting statute); *see also Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016), *cert. denied,* 137 S. Ct. 1330 (2017) ("Under the American Rule for the allocation of attorneys' fees, litigants must cover their own legal costs. (The Telephone Consumer Protection Act is not a fee-shifting statute.)").

## IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** *Defendants RCF II, LLC, RCF, LLC, and Craig Hecker's Motion to Dismiss Plaintiff's Second Amended Complaint* (Doc. 66) be **GRANTED IN PART** and **DENIED IN PART**; the motion to dismiss Count I of *Plaintiff's Second Amended Complaint* be **GRANTED** as to the RCF Defendants; the motion to dismiss Count II of *Plaintiff's Second Amended Complaint* be **DENIED**; and the motion to strike Plaintiff's prayer for attorneys' fees be **GRANTED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen days, after being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen days after being served with a copy thereof. Failure to file specific objections within fourteen days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 27th day of July, 2017.

/s/ Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE