IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | NO. 3:16-cv-02629 |
| | ) | JUDGE TRAUGER |
| RAPID CAPITAL FUNDING, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER**

Pending before the court are a Report and Recommendation of the Magistrate Judge (Docket No. 115), Objections filed by the Plaintiff (Docket No. 116), and a Response filed by Defendants (Docket No. 118).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the court has reviewed *de novo* the portions of the Report and Recommendation to which Plaintiff objects, the Objections, the Response, and the file. The Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

Plaintiff objects to the Magistrate Judge's recommendation that Count I of his Second Amended Complaint be dismissed. Plaintiff cites to and quotes from an FCC Report and Order to argue that cell phones have a presumption of being "residential lines." Defendants contend that Plaintiff has selectively mis-quoted the relevant section of the FCC Report and Order.

The Local Rules of this Court require that citations to administrative opinions not reported in one of the West Publishing Company publications shall include Westlaw or Lexis citations and shall be accompanied by a copy of the entire text of the decision. Local Rule 7.01(e)(5). Failure to

comply with the provisions of Rule 7.01(e)(5) may result in non-consideration by the court of the cited documents. Local Rule 7.01(e)(6). Plaintiff has not filed a copy of the FCC Report upon which he relies and has not provided a Westlaw or Lexis cite therefor. Without the complete text of this FCC opinion, the court cannot determine whether Plaintiff's citation and quote are accurate or appropriate.

In any event, Plaintiff has not shown that any of his cellular telephones are used for residential purposes. As noted by the Magistrate Judge, calls to a cellular phone may be construed as calls to a residential phone, but the Plaintiff must plead facts showing that the cell phone is used for residential purposes. Docket No. 115 at 5 (citing *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 2017 WL 1489052 at * 9 (M.D. Tenn. Apr. 26, 2017)).

For these reasons, the Objections of the Plaintiff are overruled, and the Report and Recommendation of the Magistrate Judge (Docket No. 115) is adopted and approved. Accordingly, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Docket No. 66) is **GRANTED in part** (as to Count 1) and **DENIED in part** (as to Count 2). Plaintiff's claims against Defendants RCF II, LLC; RCF, LLC; and Craig Hecker in Count I of the Second Amended Complaint are **DISMISSED**. In addition, as recommended by the Magistrate Judge, Defendants' request to strike Plaintiff's prayer for *pro se* attorneys' fees (found in Docket No. 67) is **GRANTED**.

IT IS SO ORDERED.

ENTER this 31st day of August 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE