IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG **CUNNINGHAM**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:16-cv-02629 |
| v. ) | |
| ) | |
| RAPID CAPITAL FUNDING, LLC/RCF, ET AL., ) | |
| ) | |
| Defendant. ) | |

TO: The Honorable Eli J. Richardson, District Judge

# REPORT AND RECOMMENDATION

The reasons stated below the Magistrate Judge recommends the Motion to Dismiss filed by GIP Technology, Inc. and related defendants (DE 132) be granted. The Magistrate Judge further recommends the John/Jane Does 1-5 be dismissed without prejudice for failure to obtain service of process on them within 90 days as required by Fed. R. Civ. P. 4(m).

## I. Background

The operative complaint in this matter is DE 55. Mr. Cunningham proceeding *Pro se* has filed this complaint alleging violations of Telephone Consumer Protection Act 47 U.S.C. § 227. Although the Plaintiff names John/Jane Does 1-5, the Plaintiff has not further identified those defendants or obtained Service of Process on them. The Plaintiff was cautioned in the Court's Order of January 23, 2019 that no Doe defendants had been identified or served and that under Fed. R. Civ. P. 4(m) they were subject to dismissal without prejudice unless the Plaintiff had a

satisfactory explanation for a lack of action. The record does not reflect the Plaintiff has taken any action or provided any explanation for failure to serve these defendants.

On March 4, 2019 DE 132 the Defendant's GRS Telecom, Inc. formerly known as CallerID4U, Inc., GOP Technology, Inc., Ada Maduno, and Paul Maduno filed a Motion to Dismiss for failure to state a claim as well as Res Judicata. As the date of this Report and Recommendation the Plaintiff has filed no opposition to this motion.

## II. Legal Discussion

The law is clear under Rule 4(m) that if after notice the Plaintiff fails to obtain service of process the complaint against such unserved defendants is subject to dismissal without prejudice.[1] In this case, the Plaintiff has failed to identify or serve the John/Jane Does 1-5 services and he has been warned of the necessity. Dismissal without prejudice is therefore appropriate as to these John/Jane Doe defendants.

The Plaintiff has likewise failed to respond to the Motion to Dismiss the Gateway Defendants (DE 132). Under Local Rule 7.01 (a)(3) "if a timely response is not filed, the Motion shall be deemed to be unopposed, . . . ". Nevertheless, the Magistrate Judge has reviewed the Motion and its supporting Memorandum (DE 132-1) to insure it has merit. The Memorandum goes into an extensive history of the litigation involving the Gateway defendants and previous litigation involving the Plaintiff in which claims against these Defendants were dismissed Cunningham v. Rapid Capital, et al., 315-cv-957. Absent some effort by the Plaintiff to refute the argument made in the Gateway Defendants Memorandum, it is not the duty of the Court to pursue a detailed perusal of the history of this and related cases like the proverbial blind pig routing for

---

[1] Even if the Plaintiff were able to identify the John Doe defendants, any such identification would not relate back to the date of the original filing of this complaint and would raise a serious statute of limitation issues, see Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1966).

truffles. The Defendants have alleged the Plaintiff has not sufficiently pled personal involvement of various of the Gateway Defendants and cited numerous cases to that affect. The Plaintiff has made no effort to amend his complaint to cure the alleged defects as he had a right to do under Fed. R. Civ. P. 15 or to provide any additional information concerning the personal involvement of these corporate officers and the corporate defendant.

It appears by failing to respond or to move to amend his complaint, the Defendant has simply abandoned his claims against these defendants. If the Plaintiff is not willing to pursue his claims, it is not the Court's duty to pursue them for him.[2]

### III. Recommendation

For the reasons stated above, the Magistrate Judge recommends the claims against the John/Jane Does 1-5 be dismissed without prejudice for failure to obtain service. The Magistrate Judge further recommends the Motion to Dismiss by the Gateway Defendants (DE 132) be granted and all claims against them be dismissed with prejudice.

/ / /

/ / /

/ / /

/ / /

---

[2] In reviewing the file, the Magistrate Judge does note Gateway Sales and Marketing, LLC is without an attorney. (DE 137). In that Order they were allowed until April 15, 2019 to secure new counsel and were warned failure to have counsel can be grounds for a default. By separate order the Magistrate Judge will direct the Plaintiff to either move for a default or the Magistrate Judge will recommend the case against Gateway Sales and Marketing, LLC be dismissed for failure of the Plaintiff to prosecute.

Any party has fourteen (14) days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

                      Respectfully submitted,

                      /S/ Joe B. Brown  
                      Joe B. Brown  
                      United States Magistrate Judge